**Amir Hossein ABOLGHASEMI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73640.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed April 7, 2008.

Marjan H. Bahmani, Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Regan Hildebrand, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Amir Hossein Abolghasemi, a native and citizen of Iran, petitions for review of the BIA's determination, based primarily on an adverse credibility finding, that he was not eligible for asylum. He also seeks review of the BIA's denial of his motion to remand for consideration of new evidence, and he alleges due process violations on the basis of incompetent translation and an inability to respond to the BIA's new allegations.

Abolghasemi did not raise the claim of denial of due process based on incompetent translation to the BIA. Thus, that claim is unexhausted, and this court lacks jurisdiction to hear it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004); *Singh v. Ashcroft*, 367 F.3d 1139, 1143 n. 1 (9th Cir.2004).

The principle issue is whether the adverse credibility finding of the IJ, later expanded upon by the BIA, was supported by substantial evidence. The petitioner's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

testimony contained a number of inconsistencies and flaws. A key element for his claim of asylum was his contention that coworkers had attempted to kidnap him. Although these were reportedly good friends, who had lured him into a vehicle on the alleged pretext of going swimming, his declaration and his testimony were inconsistent with respect to who was driving the vehicle and where the trip began. *See Don v. Gonzales,* 476 F.3d 738, 741–42 (9th Cir.2007). The petitioner was unable to give satisfactory explanations for other serious inconsistencies as well, including the alleged altercation with officials during his detention. The credibility finding was supported.

The BIA did not abuse its discretion in denying the motion to remand the matter to the IJ on the basis of alleged new evidence. *See Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987); 8 C.F.R. § 1003.2(c)(1). The petitioner never explained why the claimed new evidence of the kidnaping of a colleague, Dr. Samei, had any relevance to his own asylum claim. The petitioner's participation in a mass protest in the United States has no conceivable bearing on his fear of future persecution, absent any indication that he has been, or could be, identified and subjected to future adverse treatment as a result.

The BIA did not violate the petitioner's due process rights by discussing inconsistencies upon which the IJ did not rely. *See Pal v. INS,* 204 F.3d 935, 938–39 (9th Cir.2000).

The petition for review is DISMISSED in part and DENIED in part.